**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **RAUL PEREZ, 1205491,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:07-CV-771-K |
| ) | ECF |
| ) | |
| **NATHANIEL QUARTERMAN,** ) | |
| Director TDCJ-CID, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Nature of the Case**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Nathaniel Quarterman is Director of the TDCJ-CID.

**II.  Procedural Background**

On November 11, 2003, Petitioner was found guilty of aggravated robbery with a deadly weapon, enhanced, and was sentenced to thirty years imprisonment. *State of Texas v. Raul*

*Perez*, No. F-0363533-CR (265th Dist. Ct., Dallas County, Tex., Nov. 11, 2003).  On March 14, 2005, the Fifth District Court of Appeals affirmed Petitioner's conviction.  *Perez v. State*, No. 05-03-017089-CR (Tex. App.– Dallas, Mar. 14, 2005).  On July 27, 2005, the Court of Criminal Appeals denied Petitioner's petition for discretionary review.  *Perez v. State*, PDR No. 0583-05.

On July 27, 2006, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte Perez*, Application No. 66,441-01.  On March 14, 2007, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.  *Id*. at cover.

On April 26, 2007, Petitioner filed this federal petition for writ of habeas corpus.  He argues:

(1) the jury charge at punishment wrongfully separated the curative admonishment from the balance of the parole instruction, causing the jury to impose a harsher sentence than it would have otherwise;

(2) he received ineffective assistance of counsel when counsel:

    (a) failed to challenge the admissibility of an extraneous offense introduced during the guilt/innocence phase;

    (b) failed to object to the prosecutor's improper closing argument on the ground that he vouched for the credibility of the state's witness;

    (c) failed to object to or move to suppress the pre-trial identification procedure as improperly suggestive;

    (d) failed to object that Petitioner did not receive prior notice of the state's intent to call witness Jon Barber;

    (e) failed to have a firm command of the facts; and

      (f)    failed to make an opening statement.

On July 9, 2007, Respondent filed his answer. On December 6, 2007, Petitioner filed a traverse.

## III. Factual Background

The following factual background is taken from the state appellate court opinion:

> On January 21, 2003, Jose Sanchez was walking along a sidewalk when a black Camaro pulled up next to him. The man driving the car got out, pointed a gun at Sanchez, and demanded his wallet. A woman in the car's passenger seat remained in the car. Sanchez raised his hands and told the man his wallet was in his bag. After the man got the wallet, he drove away. Sanchez went to his apartment and called police. Sanchez gave police a description of the man, his female passenger, and the license plate number of the car. At the time it was stolen, Sanchez's wallet had $500 in it. That same day, police returned to Sanchez's apartment and took him to a gas station where he saw the man who had robbed him, the female passenger in handcuffs, and the black Camaro the man had been driving.
>
> Jon Barber testified he lived in the area where the robbery took place. On the day of the robbery, Barber saw Sanchez walking in front of his house. Barber saw a dark Camaro pull up beside Sanchez. A man got out of the car, approached Sanchez, and pulled out a pistol. Barber assumed the man demanded money from Sanchez, and he saw the man take Sanchez's wallet and throw the wallet on the ground. Barber used his cell phone to contact police, and he gave them the car's license plate number and told police what had happened. At trial, Barber identified appellant as the man who robbed Sanchez.
>
> Appellant testified that, on the day of the offense, he was driving down the street when he saw Sanchez in an argument with a woman named Angie Alvarez. Though appellant did not know Alvarez, appellant stopped, and Alvarez asked him for a ride. Alvarez got in appellant's car, and they drove away. Appellant stopped at a friend's house and a store where police arrived and arrested him and Alvarez. The record indicates neither defense counsel nor the district attorney's office was able to locate Alvarez at the time of trial to elicit her testimony. Appellant testified the first time he saw Sanchez was when Sanchez was arguing with Alvarez. Appellant had never seen Barber before trial and did not know him.

*Perez v. State*, No. 05-03-017089-CR (Tex. App.– Dallas, Mar. 14, 2005), slip op. at 2-3.

## IV.     Discussion

### A.     Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

This amendment applies to all federal habeas corpus petitions which were filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2049, 138 L. Ed. 2d 481 (1997). The petition in this case is subject to review under the AEDPA.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

**B.      Trial Error**

Petitioner argues the trial court erred in the punishment phase of the trial when it inserted language into the state law parole instruction.  *See* TEX. CODE CRIM. P. art. 37.07 § 4.  Petitioner specifically complains about the italicized portion below:

> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> *Evidence presented by the State in the punishment phase must be proven beyond a reasonable doubt.*
>
> You may consider the existence of the parole law and good conduct time.  However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant.  You are not to consider the manner in which the parole law may be applied to this particular defendant.

(Court Record at 25-26).  Petitioner argues that the inserted language severed the instruction and encouraged the jury to consider how the parole law would be applied to him.

The state appellate court found that the jury charge contained the entire state-mandated parole instruction and that Petitioner failed to establish he was entitled to relief.  (*Ex parte Perez*, at 162-63).

Federal habeas corpus relief is available only for the vindication of rights existing under federal law.  *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *see also*, *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (finding it is not the function of federal habeas courts to review the interpretation of state law by a state court).  The Court finds Petitioner's claim fails to establish a violation of federal law.  Petitioner's claim should be denied.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

C.  **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

   1.  **Extraneous Offenses**

Petitioner argues his counsel was ineffective for failing to object to testimony by Officer Lozano-Tirado that "a couple of crack pipes" were found in Petitioner's car and that Petitioner appeared to be intoxicated by something other than alcohol. (Trial Tr. Vol. 2 at 186, 188). Petitioner states his counsel should have objected that this testimony constituted evidence of inadmissible extraneous offenses.

Under Texas Rule of Evidence 404(b), evidence of extraneous offense can be admissible to show motive. In this case, the state argued Petitioner committed the robbery to obtain money to buy crack cocaine. (*Id*. Vol. 3 at 43). The evidence was therefore admissible to show motive. Defense counsel was not required to file frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner's claim should be denied.

### 2. Closing Arguments

Petitioner argues his counsel was ineffective for failing to object to the state's closing argument. In closing, the prosecutor stated: "You heard from the victim in this case, Jose Sanchez. Who I submit to you was as honest as the day is long." (Trial Tr. Vol. 3 at 29). Petitioner argues this statement constituted impermissible bolstering of the witness.

On state habeas review, defense counsel submitted an affidavit stating he did not object to the prosecutor's statement as a matter of strategy. Defense counsel stated that an objection would have emphasized the prosecutor's argument. (*Ex parte Perez*, at 151). Petitioner has not shown that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Petitioner's claim should be denied.

### 3. Pre-Trial Identification

Petitioner argues his counsel was ineffective for failing to either file a motion to suppress the victim's pre-trial identification of Petitioner, or object to the admission of this evidence at trial.

Officer Lopez testified that he received information regarding the 911 call on his radio. (Trial Tr. Vol 2 at 158). The information provided the vehicle's license plate number, and described the vehicle as a black Camaro. (*Id*. at 159). Officer Lopez checked the license plate

number through his police database, and it came back as registered to Petitioner and Margarita Perez. (*Id*. at 160). About twenty to thirty minutes after the 911 call, Officer Lopez observed the car at a stop light. (*Id*. at 161). Officers stopped the Camaro at a gas station and removed Petitioner from the driver's side of the car. (*Id*. at 166). A female passenger was also removed from the car. *Id*.

Officers transported the victim to the gas station where Petitioner and the female passenger were standing outside the Camaro in handcuffs. The victim identified Petitioner as the robber. (*Id*. at 127; 167).

Petitioner argues this identification process was unlawfully suggestive and that his counsel was ineffective for failing to object to the admission of this testimony. Petitioner, however, testified at trial that he was driving down the street when he saw the complainant and a woman in a heated argument. (*Id*. at Vol. 3,11-12). He states he stopped the car, and the woman asked for ride. (*Id*. at 12). He claims she got into his car and they drove off together. *Id*. Petitioner's identity, therefore, was not in issue. He admits that he was at the scene with the complainant and that he drove his car to and from the scene. (*Id*. at 11-13). The disputed facts concern what actually occurred at the scene. The complainant and witness Jon Barber testified that Petitioner pulled a gun on the complainant and robbed him. Petitioner argues he simply gave Angie Alvarez a ride from the scene. Petitioner has failed to show his counsel was ineffective for failing to object to the complainant's identification of Petitioner.

### 4.     Remaining Claims

Petitioner argues his counsel failed to object that the state did not give proper notice that it intended to call Jon Barber as a witness. Petitioner, however, has stated no support for his

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**

claim that the state was required to provide notice of its witnesses before trial. The trial court's order required only that the state provide its list of witnesses to Defendant at the beginning of voir dire. (Court Record at 11). The state complied with this order.

Petitioner also argues his counsel failed to familiarize himself with the facts of the case because counsel's omnibus pre-trial motion stated that Petitioner did not have a felony conviction. (*Id*. at 9). Defense counsel, however, was clearly aware of Petitioner's prior criminal record. The indictment itself contained an enhancement paragraph listing a prior felony conviction. (Id. at 2). Additionally, defense counsel admonished Petitioner that if he chose to testify, his previous convictions would be admissible. (Trial Tr. Vol. 3 at 5).

Finally, Petitioner argues his counsel was ineffective for failing to make an opening statement. The decision whether to make an opening statement, however, "falls within the zone of trial strategy." *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). This is especially true where, as in this case, defense counsel is unsure what the witnesses will state in their testimony. Petitioner has failed to establish that his counsel was deficient, and that he suffered prejudice as a result of the decision not to make an opening statement. His claim should be denied.

**D.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice.

Signed this 22nd day of April, 2009.

*[signature]*
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 11**